SMITH v. THE DISTRICT TOWNSHIP OF KNOX.

1. **Public Officer:** PRESUMPTION IN FAVOR OF ACT. All acts of public officers are to be regarded as *prima facie* correct; and when an act is shown to have been done by an officer pursuant to law, it will be deemed lawful and valid until the contrary be established by affirmative proof.

2. **School District:** DIRECTORS: JUDICIAL ACTS. The duties imposed upon school directors by section 1734 of the Code, respecting the discharge of teachers, are of a judicial character.

*Appeal from Cass District Court.*

FRIDAY, MARCH 24.

ACTION upon a contract between the parties, whereby plaintiff was employed to teach a school in the defendant district. The petition alleges that although plaintiff was qualified, ready and willing to perform his contract at the time therein

prescribed, defendant refused to permit him to perform it and prevented him teaching the school.

The answer alleges that the contract sued upon was not executed, that though signed by the sub-director, plaintiff fraudulently obtained possession of it, and by false representations procured the signature thereto of the president of the district. It is further set up as a defense, that, at a meeting of the board of directors, it was determined that plaintiff was not a proper person to teach school, and for that reason the defendant refused to permit him to teach the school mentioned in the contract. There was a verdict and judgment for plaintiff. Defendant appeals.

*Montgomery & Scott*, for appellant.

Where the act complained of is of a discretionary character, the action of the board of directors should be sustained unless it is clearly shown that the board violated law, abused its discretion or acted with manifest injustice. (*Edwards v. Dist. Tp. of West Point*, School Law Decisions, 1872, p. 69.) All the decisions or errors of the board are subject to revision on appeal. (Code, Chap. 11, §§ 1829-30-35.) A mere error in law or fact in exercising their authority will not make their action a nullity; it is valid until reversed or set aside. (*Hill v. Sellick*, 21 Barb., 207; *Baker v. Supervisors of Louisa Co.*, 40 Iowa, 226.)

*C. F. Loofbourow*, for appellee.

It is the intention of the law that the sub-director should file his copy of the contract with the president of the board and secure that officer's approval of it, but his failure to do so could not prejudice the teacher. (*Connor v. District Tp. of Ludlow*, 35 Iowa, 375.) The question to be determined is whether the teacher was properly dismissed. (*Eastman v. Dist. Tp. of Rapids*, 21 Iowa, 590.) The acts of the board are ministerial and not judicial. (*Dist. Tp. of Sioux City v. Pratt*, 17 Iowa, 16; *Manning v. Dist. Tp. of Van Buren*, 28 Id., 332.)

BECK, J.—I. Evidence was introduced tending to show that plaintiff was discharged and the contract terminated by the board of directors of the district upon charges brought against him by the sub-director who had executed the contract. The fact of his discharge, and the grounds upon which such action was had, were shown by the evidence. Thereupon the court instructed the jury in the following language:

" 3. You are then to inquire whether a complaint was made against the plaintiff to the board of directors after the contract was entered into, charging that he was not a proper person to teach said school, and whether said board proceeded to fully and fairly investigate said charge at a meeting of said board, at which the teacher was present and had a full and fair opportunity to make his defense. If there was such complaint and such investigation, and in said investigation it is made to appear to said board by the evidence then before it, when fully and fairly and honestly considered, that plaintiff was not a proper person to be employed in said school, and said board then, for that reason, terminated said contract, then the plaintiff cannot recover in this action.

" 4. The burthen of proving the facts, which you have been told will justify said board in terminating said contract, is on the defendant. That is, it must have established by the evidence, not only that it, the board of directors, terminated said contract, but that at the time of such action it was made to appear to said board that plaintiff was not a proper person to be employed in said school, by evidence, which, when fairly considered, established that fact and that defendant then had a fair opportunity to defend himself against such charge. If it has proven these facts your verdict should be for the defendant. But if it has failed to establish these facts and you find that plaintiff had obtained a certificate of his qualification to teach and was ready to perform his part of the contract, you shall find for the plaintiff."

The action of the board of directors in discharging the plaintiff was had under Code, § 1734, which contains the following provision: " In case a teacher, employed in any of the schools of the district township, is found to be incompe-

tent, or is guilty of partiality or dereliction in the discharge of his duties, or for any other sufficient cause shown, the board of directors may, after a full and fair investigation of the facts of the case, at a meeting convened for that purpose, at which the teacher shall be permitted to be present and make his defense, discharge him."

The record of the proceedings of the district school board was introduced in evidence by defendant and showed that, at a meeting duly held, after hearing from both sides, the plaintiff was discharged on the ground of charges brought against him by the sub-director who signed the contract with him. It was further shown that plaintiff was present at the meeting.

Without determining here whether the duties discharged by the school board in their action just mentioned are, in their nature, judicial or ministerial, a question discussed by counsel, we may with entire confidence announce the doctrine that their act, though it may be ministerial in its nature, must be regarded at least as *prima facie* correct. The rule applies to the acts of all officers, who are presumed to discharge their duties rightly. Where an act is proved in a court to have been done in pursuance of law by an officer, it will be regarded as lawful and valid until the contrary be shown. While the record of such an act may be impeached and contradicted, and the act itself shown to have been irregularly done, or to have been in violation of law, yet it will stand as valid until this be shown.

*1. PUBLIC officer: presumption in favor of acts.*

It will be seen that, in the case before us, the burden rested upon plaintiff to show that the action of the school board was irregular or invalid, not upon defendant to sustain, in the first instance, the correctness of the order dismissing plaintiff.

The fourth instruction, in this view of the case, was erroneous.

II. In our opinion the duty and authority imposed by the statute above cited upon the school board, partakes of a judicial character. The facts upon which that body is authorized to discharge a teacher are to be determined in the exercise of discretion conferred

*2. SCHOOL district: directors: judicial acts.*

upon it by the law. This discretion does not extend simply to the execution of a duty or to the manner of the performance of an act required by law. It pertains to the determination of the question whether the law requires the act to be done—whether the facts of the case are of the character to call into action the authority conferred by law; it involves the determination of the rights of persons having conflicting interests—in short it possesses all the characteristics of judicial discretion. In *McCord v. High*, 24 Iowa, 336, the distinctions between discretion exercised by a ministerial and judicial officer are pointed out. It will be readily seen that the discretion exercised by the school board in discharging plaintiff is not of the character exercised by ministerial officers. We have thought it proper to announce our conclusion upon this question in view of the fact that our decision will require the case to be sent back to the District Court for another trial. The judgment of the court below is

REVERSED.