PARK v. THE INDEPENDENT SCHOOL DIST. NO. 1, PLEASANT GROVE TWP., DES MOINES COUNTY.

1. **Public School:** DISCHARGE OF TEACHER: APPEAL TO COUNTY AND STATE SUPERINTENDENTS: ACTION FOR DAMAGES: RES ADJUDICATA: EVIDENCE. Where a school-teacher, alleging that he had been discharged by the directors of the district, and that his discharge was unlawful, appealed to the county superintendent, who found that he had been unlawfully discharged, which finding was affirmed upon an appeal taken to the superintendent of public instruction; and he afterwards brought his action against the district to recover the damages resulting to him from the wrongful discharge, *held*, in such action, that, as to the fact of the discharge, and the wrongful character thereof, the finding of the state superintendent was final and conclusive upon the parties, and that evidence offered by the district to prove that the teacher had resigned, and had not been discharged, was incompetent.

2. ——: WRONGFUL DISCHARGE OF TEACHER: MEASURE OF DAMAGES. In such case, if the teacher held himself in readiness, during the pendency of the appeal to the superintendent of public instruction, to perform his contract, and was not able to obtain other employment during that time, he was entitled to recover the wages provided for in the contract during that period. But, after the final decision of the superintendent of public instruction in his favor, it was his duty, not only to be ready to perform, but actually to perform, or offer to perform, the services provided for in the contract for the remainder of the term, and, without such performance or offer, he could not recover his wages after such final decision.

*Appeal from Des Moines District Court.*

THURSDAY, DECEMBER 4.

PLAINTIFF alleges in his petition that in the month of

September, 1882, he entered into a contract with defendant to teach its school for a term of 34 weeks, for which service defendant agreed to pay him at the rate of $45 per month; that he entered upon the performance of his duties under said contract on the fourth of September, and continued therein until the eighteenth of that month, when the defendant's board of directors wrongfully and illegally discharged him, and refused to permit him to further perform said contract; that he thereupon appealed from the order of said board to the county superintendent, and upon the hearing of said appeal the action of the board of directors was reversed; that the defendant then took an appeal to the superintendent of public instruction, who, upon a hearing, affirmed the action of the county superintendent, and he alleges that, in consequence of the illegal act of the defendant in refusing to permit him to perform said contract, he lost the greater portion of the time covered by it, being unable to procure other employment, and he asks damages therefor. Defendant denies that it wrongfully or illegally terminated said contract, or refused to permit plaintiff to perform the same, and alleges that he resigned his position as teacher of said school, and refused to continue in said employment. There was a verdict and judgment for plaintiff, and defendant appeals.

*Hall & Huston*, for appellant.

*J. T. Illick*, for appellee.

REED, J.—The evidence given on the trial shows that, on the morning of the eighteenth of September, the members of defendant's board of directors appeared at the school house, and informed plaintiff of certain rumors affecting his character and conduct as a teacher, which were current in the district. No formal action was taken at that time, but in the afternoon of the same day the members of the board came together again at the school house, and in plaintiff's presence examined some of the pupils of the school touching the sub-

ject of said rumors. The result of this meeting was that plaintiff ceased to teach the school, and the chief question of controversy between the parties is as to what action was taken at that time.

Plaintiff's claim is that the board of directors then assumed to discharge him, while defendant's claim is that he tendered his resignation, and that the only action of the board of directors was to accept the same. Within the time provided by section 1829 of the Code for taking appeals from decisions or orders of the board, plaintiff filed his affidavit with the county superintendent, setting forth the fact of his employment to teach said school, and alleging that he had been discharged from said employment by the board of directors without any just reason, and without a full, fair, and impartial investigation of the case, and without being permitted to make any defense. The county superintendent gave notice of the appeal to the secretary of the board of directors, as required by section 1832 of the Code, and fixed a time for the hearing thereof. The secretary filed with the superintendent what purported to be a transcript of the record of the meeting of the board on the eighteenth of September. This paper recited that plaintiff on that day tendered his resignation as teacher of said school, and that the same was accepted by the board, but it did not have attached to it the certificate of the secretary that it was a correct transcript of the record, or that it correctly stated the action of the board on the occasion in question. On the hearing of the case, the superintendent rejected this paper as evidence of what had been done, on the ground that it was not properly authenticated, and permitted the parties to introduce parol evidence on the question; and on the evidence before him he found that the board had discharged plaintiff, and that its action in doing so was irregular, in that he had not been accorded a legal hearing; and he made an order reversing its action.

I. On the trial in the district court, plaintiff was permitted, against defendant's objection, to introduce in evidence the

Park v. The Independent School District of Pleasant Grove.

**1. PUBLIC schools: discharge of teacher: appeal to county and state superintendents: action for damages: res adjudicata: evidence.** record of the order made by the county superintendent on the hearing of the appeal. Defendant offered in evidence the record of the meeting of the board of directors on the eighteenth of September. It also offered parol evidence tending to prove that plaintiff was not discharged from said school, but that he resigned, and his resignation was accepted by the board of directors; but, on plaintiff's objection, all this evidence was excluded, and the court instructed the jury "that the record of the proceedings before the county superintendent was conclusive upon defendant, and that it determines that plaintiff's discharge was wrongful and illegal." These several rulings constitute the ground of the first assignment of error argued by counsel. The position urged by counsel is that the board of directors, in investigating a charge or complaint against a teacher, and in discharging him from his employment thereon, and the county superintendent, in reviewing their action on appeal, act in a ministerial capacity, and hence their action is not conclusive of the rights of the parties when they become the subjects of inquiry in the ordinary tribunals, but the courts may go behind their orders and decisions, and determine them according to their merits. But, in our opinion, this position cannot be maintained.

It is provided in section 1734 of the Code that, "in case a teacher employed in any of the schools of the district is found to be incompetent, or is guilty of partiality or dereliction in the discharge of his duties, or for any other sufficient cause shown, the board of directors may, after a full and fair investigation of the facts of the case, at a meeting convened for the purpose, at which the teacher shall be permitted to be present and make his defense, discharge him." It is also provided by section 1829 that "any person aggrieved by any decision or order of the district board of directors, in matter of law or of fact, may appeal therefrom to the county superintendent." Section 1834 provides that upon the hearing of such appeal

the superintendent " shall make such decision as may be just
and equitable, which shall be final, unless appealed from."
And section 1835 provides for an appeal from the decision
of the county superintendent to the superintendent of public
instruction, whose decision, when made, shall be final. We
think it manifest that the intention of the legislature in enact-
ing these sections was to provide a speedy and inexpensive
mode for the determination of such questions as might arise
in cases wherein it is sought to discharge teachers in the pub-.
lic schools from their employment. And we think it equally
clear that it was the intention, also, that the parties should be
concluded, as to the questions involved in the controversy, by
the decision which should be finally made in the proceed-
ing. This conclusion results, necessarily, we think, from the
language of the section quoted above, and is consistent with
the holding of this court in the cases of *Smith v. District
Twp. of Knox*, 42 Iowa, 522, and *Kirkpatrick v. Ind. Dist.
of Liberty*, 53 Id., 585, in each of which it is held that the
power and duty imposed on the board of directors by section
1734 partakes of a judicial character, and that the teacher
who has been discharged by the board has no remedy in the
courts, until it has been determined, on an appeal from the
order of the board, that such discharge was wrongful or unlaw-
ful. As the county superintendent had no competent record
evidence before him of the action of the board of directors, it
was competent for him to hear the parol evidence offered by
the parties, and determine from it what action had in fact been
taken. And the holding of the district court, that his decis-
ion of the questions presented by the appeal was conclusive
of the rights of the parties as to those questions, and that the
parol and documentary evidence offered by the defendant on
the trial to impeach the decision was incompetent, was clearly
right.

II. Defendant asked the court to instruct the jury that,
upon the decision of the appeal by the county superintendent,

2. ——:
wrongful dis-
charge of
teacher:
measure of
damages.

plaintiff had the right at once to take charge of the school, and proceed to perform the unexpired portion of his contract, and that the appeal to the superintendent of public instruction did not supersede or suspend the decision of the county superintendent; and that, if the plaintiff failed to return and take charge of the school when the decision of the county superintendent was made, or did not offer to do so, he could not recover anything on the contract after that date. The court refused to give these instructions, but told the jury, in effect, that, if plaintiff held himself in readiness during the pending of the appeal to the superintendent of public instruction to perform the contract, and was not able to obtain other employment during that time, he was entitled to recover the wages provided for in the contract for that period. We think this holding is correct. If the order of the board of directors had been affirmed by the decision of the superintendent of public instruction, it would have had effect from the time it was made. Plaintiff's discharge from the employment in that case would have dated from the eighteenth of September, and the contract between the parties would have been terminated from that date; and, for any services he might have rendered after that date, defendant would have been under no contract obligation to pay. As defendant was seeking, by the appeal, to have the validity of the order of discharge established, and, if successful, the order would be effective from its date, plaintiff could not be required to go on performing the contract while the question remained undetermined.

III. It was proved on the trial that plaintiff found employment as a teacher during four months of the time covered by the contract, and that he earned $175 in such employment. By the verdict and judgment he is awarded the contract price for his services during the whole period covered by the contract, less the amount so earned. One of the grounds of the motion for a new trial is that this amount is excessive, and we think that on this

THE SAME.

ground the verdict should have been set aside, or plaintiff should have been required to remit a portion of the damages. The decision of the superintendent of public instruction was rendered on the sixteenth of February, 1883. About one-half of the term covered by the contract had then expired. The decision determined finally that the order of discharge was illegal and wrongful. The controversy was then at an end. The order of discharge was declared invalid, and it was set aside. It then presented no obstacle to the performance by plaintiff of the remaining portion of the contract, and he would not be entitled to recover the wages then unearned, without performing, or offering to perform, the remainder of the services provided for in the contract. At that time he was out of the district. He did not return to it, or make any offer to teach the remainder of the term, farther than to write to the president of the board, informing him that he was ready to go on and teach the balance of the term, to which the president made no answer. On this state of facts, we are clear that he is not entitled to recover for the then unexpired portion of the term. The only thing which had stood as an obstacle to the performance by him of the contract was the order of discharge, and, as that was then at an end, he might have gone on and taught the remainder of the term under the contract with defendant, which was then in full force. The judgment of the district court will, therefore, be reversed, and the cause will be remanded for further proceedings in harmony with this opinion.

REVERSED.