LOTTIE E. SMITH v. SCHOOL-DISTRICT NO. 2 OF PLEASANT PLAINS.

*Schools and school-districts—Teacher's contract—Certificate of State Normal School—Estoppel of district.*

Where a teacher was paid for teaching a portion of the term contracted for, both before and after the filing by her with the proper officers of the certificate issued to her as a graduate of the State Normal School, which she had in her possession when the contract was made, and so advised the district board, and before the end of her term the school-house burned down, and the district board refused to provide another, although requested so to do by the teacher, who held herself in readiness to complete the term contracted for, and made no effort to secure another school (it being out of the season to obtain the same), or to find other employment, the school-district is estopped from claiming that she was not a qualified teacher when contracted with, and she can recover the same as if she had actually taught until the end of her term.

Error to Lake. (Judkins, J.) Argued April 13, 1888. Decided April 20, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts, and points of counsel, are stated in the opinion.

*Wheeler & Bishop*, for appellant.

*F. E. Withey* and *D. F. Glidden*, for plaintiff.

MORSE, J. The plaintiff was hired by the proper officers of the defendant school-district as a teacher, and the contract prescribed by law in such cases was duly executed in writing, and signed by the proper persons.

Under such contract, the plaintiff taught the district school from September 13, 1886, until the third day of March, 1887, at which time the school-house burned. She was employed for a term of nine months, and was to be paid $60 per month; such payment to be made on or before the fourteenth day of June, 1887.

The next day after the burning of the school-house, the plaintiff notified the school officers that she wished to go on with the school, and held herself in readiness to perform her contract. At the time of the fire she had been paid $333,— a sum more than sufficient to cover the time she had taught. The school board notified her that they should not continue the school. She obtained no employment elsewhere, and made no effort to obtain any. On the fifteenth of June, 1887, she demanded the balance of her wages for the full term,— $207. Payment was refused.

She brought suit in the circuit court for the county of Lake. The sole defense was that she was not a qualified teacher at the time of her employment, and therefore could not recover. When she entered into the contract she was a graduate of the State Normal School, and had in her possession a certificate from the board of instruction of said school, of which fact the school board were informed. But this certificate was not filed in the office of the county board of school examiners until about October 30, 1886. At that time she was informed by one of the examiners that it must be filed, and handed it to him, and he recorded it in the

record book kept for that purpose by the board of school examiners.

The statute provides that such certificate—

" Shall serve as a legal certificate of qualification to teach in any of the schools of this State, when a copy thereof shall have been filed or recorded in the office of the legal examining officer or officers of the county, township, city, or district." How. Stat. § 4969.

This certificate cannot be annulled save by the board of instruction of the Normal School; but its effect can be suspended, and the holder thereof stricken from the list of qualified teachers, by the legal examining officers.

The circuit judge instructed the jury to find for the plaintiff, the facts being undisputed; and she recovered judgment for $212.89, the full amount of her wages, and interest, less the payments made before the fire.

It is claimed by the counsel for the defendant that this statute is mandatory; that she was not a qualified teacher when the contract was made, and that therefore the contract was void in its inception; that no subsequent filing of the certificate, nor ratification by the district officers of the contract, could give such contract life or validity.

In their brief the counsel review the legislation in this State from 1857 to the present time, and ably and ingeniously argue therefrom that the intention of the Legislature, as a matter of public policy, was to make this requirement a condition precedent to the right to teach; that the holding of the certificate is not enough, and confers no right as a qualified teacher upon the holder until the same is filed with the proper officers.[1]

We do not consider it necessary to discuss this point, however. The plaintiff was paid by the school-district for the month and a half that she taught before the filing of her

---

[1] Counsel cited, as to rules of construction, *Leoni v. Taylor*, 20 Mich. 155; *Alvord v. Lent*, 23 Id. 372; *Potter v. Safford*, 50 Id. 47.

certificate, and for four months after. During the time for which she seeks to recover she was a qualified teacher, under the strict terms of the statute, and she is as much entitled to her pay as she would have been had she actually taught until the end of her term. If she had actually taught the whole term, the school-district would not have been permitted to raise this technical point that her certificate was not filed until October 30, 1886. See *Crane v. School-dist.*, 61 Mich. 306 (28 N. W. Rep. 107). Neither will they be allowed to do so under the circumstances of this case. We do not think the plaintiff was bound to look up any other school, or endeavor to find other employment, during the remainder of her term. It was not her duty to find work not in her vocation, and it was out of the season to obtain a situation as a school-teacher.

The judgment is affirmed, with costs.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. CAMPBELL and LONG, JJ., did not sit.