LETHA JACKSON v. INDEPENDENT SCHOOL DISTRICT OF STEAMBOAT ROCK, Appellant.

**Discharged Teacher:** *Tender of new place no defense to action by.* In an action by a school teacher, employed to teach in one department of a public school, to recover for a wrongful discharge, an allegation that defendant tendered plaintiff a position to teach in another department of the school was not a sufficient defense, where it did not appear that plaintiff could have accepted such new position without modifying the original contract.

**APPEAL TO SUPERINTENDENT:** *Conclusiveness.* An appeal to the County Superintendent of Public Instruction settles conclusively the question of the wrongfulness of a teacher's discharge, though such appeal was determined on the ground that plaintiff had not

been given a hearing before the board of directors of the school district and not on the merits of her discharge.

**Pleading:** CONFESSION AND AVOIDANCE: *Counts.* Where defendant's answer in confession and avoidance consisted of several counts, and one count confessed plaintiff's right to recover, unless defendant sustained its affirmative defense set out in the other counts, such confession was made a part of each count, and, by implication, admitted plaintiff's right to recover.

**EXHIBITS:** *When needless.* In an action by a school teacher to recover for a wrongful discharge, where the complaint alleged that plaintiff had appealed to the County Superintendent and to the Superintendent of Public Instruction, and that their decisions were in her favor, and the answer alleged that an alleged breach of contract by plaintiff had not been passed on in either of the appeals, it was not necessary that copies of the decisions on the appeals be attached to the answer.

*Appeal from Hardin District Court.*—HON. B. P. BIRDSALL, Judge.

TUESDAY, JANUARY 23, 1900.

ACTION to recover damages for the breach of a contract of employment. From a judgment in plaintiff's favor, defendant appeals.—*Affirmed.*

*H. L. Huff* and *Geo. W. Ward* for appellant.

*Albrook & Lundy* for appellee.

WATERMAN, J.—Plaintiff sues to recover for the breach of a written contract, under which she was employed to teach for a period of thirty-four weeks, beginning September 7, 1896, in the intermediate department of the public school in defendant district. She alleges that she was wrongfully discharged by defendant's board of directors on the twenty-sixth day of November, 1896; and after this time, although she held herself willing and ready to perform her part of the contract, defendant refused to permit her so to do. Plaintiff further avers that, in the matter of her dis-

charge, she appealed from the action of defendant's board of directors to the county superintendent, and that his decision was in her favor; that defendant appealed from this ruling to the superintendent of public instruction, and this latter official affirmed the holding of the county superintendent. The answer consists of several counts or divisions. In the first division, the contract, plaintiff's discharge, and the appeals as averred, with the decisions of the two officials named, are admitted, but it is claimed that plaintiff was rightfully discharged, for reasons given in the other counts. Count 2 of the answer was withdrawn, and counts 3 and 5 present only incidental matters, which are not in dispute. This leaves for our consideration counts 4 and 6, which we shall briefly summarize. In the first of these divisions, it is averred that, after plaintiff's discharge, defendant's board tendered her a place to teach in the higher department of its schools, at the same compensation to which she was entitled under her contract, but that she refused to accept the same. The sixth division makes claim that plaintiff did not preserve proper discipline on the part of the pupils, and used improper methods of punishment, and in both of these respects violated her contract. It is further averred that the matter of her claimed breach of contract was not passed upon in either of the appeals mentioned. This answer was attacked by both a motion and demurrer. These were submitted, by consent, together, and were directed in great part at the same matter. Since the parties chose to waive matter of form, we need not notice it. *Haworth v. Newell,* 102 Iowa, 541. Regardless of the manner which was pursued, we shall consider the attack made upon this pleading. A phrase in count 1 averring plaintiff's breach of contract was assailed, but we need not notice it separately; for the principle that should apply is fully stated in what we have to say further on. One ground of the attack on the answer is that it attempts to avoid, with-

out confessing, plaintiff's cause of action. By an amendment to count 1 of its answer, defendant admits plaintiff's right of recovery, "unless it sustains its affirmative defense set out in the other counts of the answer." It is sufficient if the confession be by implication. *Runkle v. Insurance Co.* 99 Iowa, 414. Though contained in only one division, by its express terms this confession is made a part of each, and by implication it admits plaintiff's discharge.

II. The matter in division 4, setting up that defendant tendered plaintiff a position in a higher department of its school, next demands our attention. This is attacked as constituting no defense. When a servant is wrongfully discharged, he is not bound to accept new employment from the same master, unless (1) the work is in the same general line as that of the first employment, and (2) the offer is made in such a manner as that its acceptance will not amount to a modification of the original agreement. If we were prepared to say that the higher grade of teaching offered was of such a character as that plaintiff was in duty bound to accept it, yet it does not appear that the offer was so made that plaintiff could have accepted it without modifying her original agreement. It was defendant's duty to make the showing that she could. See *Chisholm v. The Assurance Co.* 112 Mich. 50 (70 N. W. Rep. 415). The law would not thus compel plaintiff either to make a new agreement with defendant or lose all her rights under the old one. If plaintiff had accepted the offer as alleged to have been made, and found herself incompetent for the new work, she would have been liable to discharge under the new agreement, and her rights under the other would have been lost. The offer, as set up, does not constitute a defense in whole or part.

III. The matter contained in the sixth division is assailed on the ground that the decision on appeal to the superintendent of public instruction settles conclusively the

wrongfulness of plaintiff's discharge, and this, we think, is so. In *Kirkpatrick v. School Dist.* 53 Iowa, 585, it was held that a teacher who claimed to have been wrongfully discharged could maintain no action against the district until he first appealed to the county superintendent. See, also, *Burkhead v. School Dist.* 107 Iowa, 29. It would be unreasonable to say that a party must prosecute such an appeal before he can sue, but that the determination of the matter settles nothing. Nor does it make any difference that the decision on appeal was not based upon the merits of the controversy between the parties, but was placed on the ground that plaintiff had not been given a hearing before the board. Plaintiff was entitled to teach until she was properly discharged. As a result of defendant's wrongful conduct, she was prevented from complying with her contract. It was none the less injurious to her because the wrong was done through an error of law, and not through one of fact. It is doubtless true that, after the decision of the superintendent of public instruction, the board of directors could have retried the matter on its merits, and dismissed plaintiff from its service if it found against her. But in such case her discharge would have dated from the time of this proper action on the board's part. However, this was not done.

IV. Objection is made to the answer because copies of the decisions on appeal of the officers mentioned are not attached, and also because of the manner in which the answer is verified. There is no merit in either claim, but the ruling of the trial court in these instances is of no consequence, in view of our holding on the other matters. The judgment is AFFIRMED.

GRANGER, C. J., not sitting.