ROSE A. BYRNE, Appellee, v. INDEPENDENT SCHOOL DISTRICT OF STRUBLE, Appellant.

**Pleading:** DENIAL OF DAMAGES: ISSUES. Under Code, section 3622, an allegation of the amount of damages will not be deemed true by failure to controvert it; so that an answer denying nothing but the damages suffered raises no issue.

**Contract to teach school:** BREACH: DAMAGES: MITIGATION. The
rules applicable to ordinary contracts of employment so far as
the measure of damages is concerned obtain in cases of breach
of contract to teach school, and in a suit to recover wages be-
cause of a denial of the right to teach the district may show that
other employment was obtained, or obtainable by the use of
reasonable diligence, in mitigation of damages; but such em-
ployment must be of a like character and in the same locality.

*Appeal from Plymouth District Court.*—Hon. David
Mould, Judge.

Friday, October 23, 1908.

Action to recover damages for breach of a contract
to teach a school in the defendant district. The defendant
answered, and to this answer plaintiff demurred. Her
demurrer was sustained, and defendant appeals.—*Affirmed.*

*Martin & Martin,* for appellant.

*Zink & Roseberry,* for appellee.

Deemer, J.—Defendant admitted all the allegations
of plaintiff's petition with reference to her contract to
teach a school in defendant district for the school year
1905-6, admitted plaintiff's wrongful discharge and its
refusal to permit her to teach the school as agreed, and
denied nothing but the damages suffered by plaintiff.
It further pleaded as a third division of its answer the
following:

And defendant further says that the plaintiff had
opportunity to, and was solicited by the directors of other
public schools to teach public schools during the months
of March, April, and May, 1906, at the sum of $36
per month; that she refused to accept said schools or teach
the same; that she used no effort whatever to secure other

employment as a school· teacher, and intentionally and willfully refrained from seeking any employment from which she could have received compensation, and thus reduced the damages she might have been entitled to recover from the defendant; that, had the plaintiff made any effort to procure or had she accepted the employment offered her, she would have received compensation therefor equal to the full amount defendant had contracted to pay her for her services under the contract sued on in this petition.

The demurrer challenged the sufficiency of this answer, and the trial court held that it did not constitute a defense.

For a reversal defendant relies upon two main propositions, to wit: (1) That the answer without reference to the third division tenders an issue as to the amount of plaintiff's damage; and (2) that the third division pleads a defense to plaintiff's cause of action, or at least amounts to a plea in mitigation of damages. The second proposition involves two incidental questions: (a) Do the ordinary rules relating to clerks, agents, servants, and employes apply to school teachers? (b) If so, do the facts recited bring the case within these rules? The only denial of the allegations of plaintiff's petition related to the amount of plaintiff's damages, and it is in this language: "Denies that the plaintiff has been damaged as alleged in her petition in the sum of $200 or any other sum." An allegation in a petition as to the amount of damages is not deemed true by failure to controvert it (Code, section 3622), and a denial of any indebtedness to plaintiff whatever raises no issue. *McIntosh v. Lee,* 57 Iowa, 356. This is a sufficient answer to defendant's first proposition.

1. PLEADINGS: denial of damages: issues.

II. The rules applicable to ordinary contracts of employment so far as the measure of damages is concerned obtain in cases of breach of contract to teach school. *Park*

*v. Ind. Dist.*, 65 Iowa, 209.   And when such contract is

2. CONTRACT TO
TEACH SCHOOL:
breach: dam-
ages:mitigation

disregarded by the school district and the teacher is denied the right to perform, it is her duty to find other employment, and, when sued, the school district may show that she has found other employment, or that by the use of reasonable diligence she might have found other employment for the purpose of mitigating the damages; but, if the discharged teacher did not accept other employment, her damages should not be diminished for failure to secure it, unless it be shown that by reasonable diligence she might have secured employment of the same grade in the same locality where she was employed to teach.   She was not required to accept employment in another locality or of a different or lower grade.   The law is very clear on this proposition.   *Jackson v. Ind. Dist.*, 110 Iowa, 316, 8 Ency. of Ev. 517-518, and cases cited. Going now to the allegations of the answer, it will be observed that they do not bring the case within these rules.   There is no averment that plaintiff might have found employment in the same locality, or that the schools were of the same grade as that contemplated in the contract between plaintiff and defendant.   For these reasons, the third division of the answer did not constitute a defense, nor did it amount to a good plea in mitigation of damages.

The demurrer was properly sustained, and the judgment must be, and it is, *affirmed*.