Morgan, J.
The plaintiff, Ryan, in the lower court, had judgment for costs, in his action against the Mineral County High School District for damages for the breach of a contract which he alleged in his complaint had been made between him and the said district, whereby he had been employed as principal of the said High School. He sued out this writ of error on the ground that he ought to have recovered more than his mere costs in the lower court. Cross errors are assigned on the findings of the lower court, that a contract was made employing plaintiff as principal of the High School, and as to the finding against defendant for the costs.
The defendant answered by general denial, and by a further plea that plaintiff could have received the same sum for like services, as superintendent of the grade school, for the same time, in the same town, which the lower court treated as a plea in mitigation of damages. The trial was without a jury. The lower court found that he had been employed, that he was damaged by breach of the contract in the sum of $1200, and allowed in mitigation of damages the sum of $1200, which he might have received as superintendent, aforesaid, and entered judgment for his costs only. The plaintiff contends that he could not have obtained employment as superintendent, aforesaid, because the offer of such employment was upon the condition that he would release all claims that he might have against the defendant by reason of its breach of the contract sued upon herein; and he contends, further, that he was not required under the law to accept such employment, because it was of a lower grade than the principalship of the High School. He alleged damages in the sum of $2500, 'and testified that he was damaged, in addition to the loss of salary of $1200 *65 under the contract, considerable sums that he was compelled to pay out in the way of expenses in obtaining other positions, together with excess in the amount he had to pay for house rent, board and other living expenses in other places, greater than he would have had to pay if he had taught under the contract. The defendant contends that no contract of employment was made, for the reason that a mere majority vote on the application did not amount to a contract, and for the further reason that neither the salary nor the term of service was mentioned in the application, or by the board when acting up on-it.
It was not error to find that plaintiff was employed, and that a breach of the contract followed. It was undisputed that plaintiff applied for the place; that the application was taken up and considered ■ at a meeting of the full board of five members, at which a motion was made that plaintiff be employed, and a motion that another be' employed, neither applicant being present, and the plaintiff received three votes, and the other applicant two, and that the board then adjourned; that the secretary notified the plaintiff by letter that he had been employed; that he accepted the employment before the board took further action; that the minutes of the aforesaid meeting of the board, in addition to a statement of the vote, aforesaid, contained the following: “Three votes were cast for Professor Lafayette Ryan and two for Mr. J. T. Franklin. Mr. L. Ryan b«ing elected, the secretary was instructed to notify him of his appointment. There being no further business, the meeting was adjourned.” .On the other hand it is conceded that within ten days after this meeting another meeting of the full board was held, at which the former vote was reconsidered and another vote taken, plaintiff receiving two votes and the other applicant three, and that the other applicant, on motion, was then declared elected, and his salary fixed at $1331/3 a month for nine months; that neither the salary nor the term was mentioned in the application, *66 or at the first meeting; that the applicant elected at the second meeting taught the school; that plaintiff refused to accept the offer of employment in the grade school, under the condition aforesaid, but offered to accept it without such condition, which was refused; and that he sought other employment; that the salary for the two years previous had been $1200, and the term nine months; that the plaintiff talked with one of the board prior to making his application, and that in such conversation it was understood that the salary was $1200. There was some conflict; the secretary, as a witness for the plaintiff, testified that the president of the board told her in the meeting, in. the presence of the other members, who made no objection, to so notify the plaintiff; the president and one other member testified that she was not so notified; two members not testifying. At the second meeting, when the minutes of the first were read, the president asked the secretary who gave her authority to so notify plaintiff, and she answered that he did; the minutes of the first meeting were not ordered to be corrected, and the minutes of the second meeting stated that the minutes of the previous meeting were approved as read.
It is contended that, under these facts and circumstances, the lower court should have held that there was no contract of employment (1) because the vote at the first meeting amounted to nothing more than the expression of a choice between two applicants; and (2) because neither the application nor the action upon it by the board contained any reference to the salary or the term of service.
As to the first ground of this contention, it is clear that if the application, or the action thereupon, had set the salary and the term, a legal contract would have been the result, if there was an intention to make'one. Now, eliminating the second ground, it is necessary to inquire as to the question of intention only. There was a plain offer, made to be acted upon, either by accepting or rejecting it; the offer was taken up and considered, a motion was made to *67 employ the plaintiff, a vote taken, and plaintiff received three out of the five votes, and an adjournment. Furthermore, the secretary wrote in the minutes that plaintiff was elected, and that she was instructed to notify the plaintiff; this conflict was for the court to determine, in the absence of a jury; and if she was so instructed, it was a circumstance indicating that the vote so taken was intended as an acceptance of the application or offer to teach, and that the employment was there and then settled and determined. Therefore, here is an offer and an acceptance, with an intention to make a contract, and present every essential element necessary to constitute one, unless the second contention aforesaid be sound. It is true that a -mere vote as to the employment, if the circumstances show no intention to make a contract, is nothing more than the “expression of choice,” as held in Malloy v. Board of Education, 102 Calif., 642, 946, 36 Pac. 948. In that case, however, the opinion states that the board, immediately after the vote was taken, “then and there refused to declare respondent elected,” thus showing no intention thereby to make a contract. The court further said: “The vote only amounted to an offer of employment, which respondent had a right to refuse, and the board had a right to revoke or cancel at any time before acceptance.” So, in this case, even if the action of the board should have been considered by the lower court as a mere offer, such offer was accepted by the plaintiff before the second meeting, at which the reconsideration and revocation took place. But without this, it is held, in the case of Weatherly v. Mayor, etc., of the City of Chattanooga (Tenn. Ch.), 48 S. W., 136, that:
“One having applied to a school board for a position as teacher, and his application having been accepted, and he being elected by the board, it is not necessary to a completed contract that the board notify him of his election, or that he notify it of his acceptance.”
*68 As to the second ground of this contention (that neither the application nor the minutes of the meeting of the board at the time the application was accepted contained any reference to the salary or the term), this court is not disposed to disturb the finding of the lower court that a contract, nevertheless, was made employing the plaintiff; because, there was enough before the lower court to constitute a prim a facie case that the action of the board accepting the application was taken with reference to a mutual understanding as to the salary and the term; and, furthermore, when the defendant introduced its testimony, no effort was made to disprove such mutual understanding. The defendant seems to have conceded it.
The intention and understanding of the parties is the vital issue here, and the contract relied upon should be considered with reference to the facts and circumstances relating thereto. Denison v. Vinalhaven, 100 Me., 136, 138, 60 Atl., 798. The lower court had the facts, the circumstances and the parties before it, and was, therefore, in a position to ascertain what the intention and the understanding was; and, having found that the contract was made with reference to such mutual understanding, it is not the province of this court in such instances to set aside such conclusion and substitute its own in the place thereof.
The same may be said as to the contention of plaintiff that the lower court erred in its finding as to the damages and the deduction in mitigation thereof. The undisputed facts on this question are that- plaintiff would have received the same sum for the same time in the same town if he had accepted the employment as superintendent of the grade school; that he refused such employment as superintendént of the grade school, because in order to obtain it he would have had to release his claim under the contract sued upon; that he incurred in expenses and losses, in his efforts to obtain other, employment, including the loss of the salary under the contract, a sum equal to the amount sued for. The *69 amount of damages here is a question of fact; the measure of damages a question of law; and the samé may be said as to. the mitigation of damages. • “Rules applicable to ordinary contracts of employment, so far as the measure of damages is concerned, obtain in cases of breach of contract to teach school.” Byrne v. Indep. Sch. Dist., 139 Ia., 618, 620, 117 N. W., 983, 984; Park v. Indep. Dist., 65 Ia., 209, 21 N.W., 567.
The lower court’s finding that plaintiff was damaged to the extent of $1200 only on account of the breach of the contract must be sustained unless it adopted and applied the wrong measure of damages, and as the court tried the case without a jury, and there were no instructions, it must be assumed that the correct rule was applied; in the absence of anything in the record to show to the contrary. Having held that the plaintiff could have obtained employment t as superintendent of the grade school in the same locality, as a matter of fact, the court probably adopted as the measure of damages the amount that plaintiff would have earned under the contract sued upon, and then deducted what he might have earned under the employment as superintendent of the grade school; and, from the findings, it is quite clear this was the rule adopted. This was a correct rule (26 Cyc., 1014) if we accept the premises, which are: (1) That plaintiff was obliged to release his claim under the contract sued upon and accept the grade school employment under such condition; (2) that the employment as superintendent was, substantially, of like character and grade as the employment in the high school; and (3) that the amount deducted in mitigation was the proper amount under the law and the facts.
As to (1), it is the law that if the plaintiff had been offered like employment, without any condition as aforesaid, and for like wages, in the same locality, before sustaining any injury by reason of the breach, he could not recover any damages other than nominal. 26 Cyc., 1013; 20 A. & *70 E. Enc., 35. And if the plaintiff was not justified in refusing the offered employment, then he could not recover for expenses in trying to obtain other employment. The lower court must have held that he was not justified in so refusing, but should have accepted the offered employment and released his claim for damages for the breach of the contract sued upon. Was such finding error? It is conceded that in many instances, under different circumstances, this question could be answered in the affirmative, but under the facts and circumstances of this case it must be answered in the negative. Such release would not have been any actual loss to the plaintiff. The salary, the term and the locality were the same. It was equivalent, substantially, to the same employment. If he had been at any extra expense in obtaining the grade school position, it should have been deducted from the amount received, and the amount allowed in mitigation thereby reduced. School Dist. v. Nash, 140 Pac., 473 (Colo. App.), citing Development Co. v. King, 170 Fed., 923, 96 C. C. A., 139. But he would have incurred no extra expense. The lower court had before it the fact that plaintiff would have been compelled to waive his claim under the broken contract sued upon in order to obtain the position as superintendent of the grade school, and must have found that no loss or expense would have been incurred thereby, and this court will not disturb such finding. Of course, if the position had been uncertain in the wages or the term, or was for less wages, which was not the case here, the plaintiff would not have been required to waive or release his claim under the broken contract; this was the only rule laid down in the two cases relied upon by the plaintiff, to wit: Sparta School Tp. v. Mendell, 138 Ind., 188, 37 N. E., 604; and Chisholm v. Preferred Bankers’ Life As. Co., 112 Mich., 50, 70 N. W., 415. In the two cases of Jackson v. Ind. School Dist., 110 Iowa, 313, 81 N. W., 596, and Byrne v. Ind. School Dist., 139 Iowa, 618, 117 N. W., 983, the rule applied was that a teacher in such instances- *71 is “not required to accept employment in a different locality or in a lower grade.” As to the (2) premise, the employment offered was substantially of like character and grade, and was in the same locality. The only evidence in the record concerning the difference in the grade or character of the employment under the contract sued upon was a promotion from the position of superintendent of the grade school. But he also testified that he offered to accept the grade school position if he could get $150 extra, and that it was “the looks of the thing” that caused him to refuse to waive the claim against the High School. The lower court had before it all the facts and circumstances upon which to base a finding on this premise, and its conclusion, that the character and grade of the two employments were substantially the same, ought not to be reversed by an appellate court. The mere fact that one employment might be a promotion from the other, a step higher, or more desirable, is not a sufficient difference in such instance, where the salary, the term of service, the locality and the line of work are the same. As to the (3) premise, the same character of reasoning applies. The lower court first found the amount of the damages for the breach of the contract was $1200, and then allowed as a deduction the same amount in mitigation thereof, and the latter finding was no doubt based upon a finding that the plaintiff would have incurred no expense in. releasing his claim under the contract sued upon, and consequently nothing could be deducted from the amount plaintiff would have received under the offered employment. Such conclusion is a reasonable one, for if the offered employment had been unconditional, and the plaintiff had accepted it and finished the term and received the salary, and then sued the High School District for damages for breach of the contract, there would be nothing but the mere breach of contract upon which to base a judgment, and he could not have recovered anything more than he did recover in this case — that is, his costs. In other words, it was the *72 same as if he had been offered the same employment if he would waive the breach.
Decided January 11th, A. D. 1915.
Rehearing denied March 8th, A. D. 1915.
In the case of Sparta School Township v. Mendell, 138 Ind., 188, 37 N. E., 604, 607, a case relied upon by the plaintiff in error, the court states the rule in accordance with the views herein expressed in the following words: “The rule requiring the acceptance of other employment requires it to be tendered without conditions such as would be so injurious to the person as the yielding of a contract containing advantages for one with no value in it, or one stipulating for less per diem, and liable to be put an end to at any time.”
Therefore, the premises being accepted, the finding of the court, as to the damages and as to the amount allowed in mitigation thereof, was not error.
The defendant in error contends that plaintiff should not have recovered his costs, but this contention is without merit. The judgment of the lower court allowed $1200 damages for breach of the contract, and this carried with it the costs and the allowance of $1200 in mitigation of the damages left the costs undisturbed on the first finding.
The assignments by the plaintiff in error having been resolved against him, it is concluded that the lower court committed no reversible error in rendering judgment for the costs only, and the judgment is therefore affirmed.