DORRINGTON *v.* CARPENTER.

1. FRAUD—PRESUMPTIONS—SALES—RESCISSION.

The burden of proof is upon complainant, who seeks to rescind a contract of sale for false representations, to prove fraud, which will not be presumed.

2. SAME—EVIDENCE.

Evidence examined, and *held*, to sustain the finding of the lower court that no fraud was proved.

Appeal from Wayne; Donovan, J. Submitted January 29, 1912. (Docket No. 64.) Decided October 1, 1912.

Bill by John Dorrington against Norman Carpenter for the rescission of a contract of sale for fraud. From a decree for defendant, complainant appeals. Affirmed.

*Fred C. Harvey*, for complainant.

*Gray & Gray*, for defendant.

McALVAY, J. Complainant filed his bill in the circuit court for Wayne county, in chancery, against defendant, for the purpose of rescinding a certain contract of purchase of the steamer A. L. Hopkins, made by him from said defendant for the price of $13,000, of which $5,000 was paid in cash and the balance in two notes of $4,000 each, payable in one and two years, with interest at 5 per cent. per annum, and secured by mortgage upon said steamer in the usual form, in which mortgage he agreed to keep the interest of defendant insured. He also seeks to recover the amount of cash paid by him, and to have the notes and mortgage canceled and delivered up, claiming such rescission on the ground of fraud perpetrated upon him by defendant in the false representations made to him, and upon which he relied in making such purchase; that the vessel was at Toledo, and he had never seen it.

Said fraudulent representations, which induced such purchase, relative to the condition of said vessel, as in his bill of complaint charged, are as follows:

"That said defendant represented to your orator that said steamer was in good, seaworthy condition, and was in first-class shape in every respect; that her boiler was a new one, only three years old, and that it would not be necessary to lay out any money for repairs to said steamer for a number of years; and that she could be gotten ready for carrying cargoes within 24 hours. Said defendant also represented to your orator that another party was anxious to buy said steamer, and that if your orator wanted her he would have to decide within 15 minutes."

The answer of defendant denies the allegations of fraud and misrepresentation, and alleges that complainant was told by defendant that he (defendant) had no personal knowledge of the condition of the steamer; that he was not a vessel man, and relied on the statements of others, who claimed to know of such condition, and requested complainant to go to Toledo, where the steamer then was, and examine her for himself.

The case was heard, and a large amount of testimony was taken. The court found that the evidence in the case did not support the fraud charged by complainant, and a decree in the case was granted defendant, dismissing the bill of complaint. The case is here for review on appeal by complainant.

The agreement for the purchase of this steamer was made April 8, 1903, in a brief written proposition by complainant to defendant, which embraced the terms of the purchase already stated, which was accepted in writing by defendant. On April 10th the $5,000 payment was made, and the notes and mortgage executed and delivered. The parties resided in Detroit. Complainant is of the age of 40 years, of which he said he had sailed 25 or 27 years, and as master of a vessel for 18 years. Defendant is a business man of the age of 60 years, and connected with the Carnegie Steel Company as sales manager for their

products in Michigan and Canada for 20 years. He was not a vessel man. This steamer and her tow were the only vessel property he had ever owned or was interested in, or with which he had any experience. The details of how he became the purchaser of this property are not material. The steamer, as the record shows, without dispute, was a wooden vessel, built at Marine City, Mich., in the year 1880, of 639 gross tons burthen. The record shows that the mortgage was foreclosed because of complainant's refusal to renew the insurance under its terms, and the vessel was sold for a sum which, after paying the expenses of the foreclosure, left $412.88 due defendant on the transaction.

There is no disputed question of law presented in this case. The case was determined in the trial court entirely upon the testimony submitted at the hearing, which makes it necessary for this court to give a careful examination to the entire record. The complainant's contention is based entirely upon his claim of the misrepresentation made to him by defendant as the condition of this steamer, upon which he relied and by which he was defrauded. To review and present an abstract of the testimony in this opinion would be of no benefit to the profession, and will not be undertaken. The principal parties disagree absolutely as to what occurred and what was said by defendant to the complainant at the time the sale was consummated. There is also some contradictory testimony on both sides, relative to the actual condition of the vessel. Complainant testifies that he never saw the vessel before the purchase, and says concerning it:

" In a general way, I knew the ' Hopkins ' was an old boat."

And also:

" I would not expect to have a boat 22 years old in as good condition as it was at the time of construction."

Defendant testified that he made no misrepresentation; that he told complainant that he had no personal knowl-

edge of the boat, and received his information from those employed by him; that he told complainant to go to Toledo and examine the vessel, and denied that he made the statements claimed by complainant, which he relied upon and by which he was defrauded, at the time of the sale of the vessel, or at any other time.

The burden of proof was upon complainant to establish the misrepresentations and fraud charged against defendant by evidence sufficient to satisfy the court of its truth. This court has held repeatedly that fraud cannot be presumed, but must be established by a preponderance of the evidence; and the burden of proving it is upon the party who complains of it. This is so well settled that the citation of authorities is unnecessary.

We agree with the conclusion of the trial court that complainant's charges of misrepresentation and fraud were not established by the evidence.

The decree of the circuit court is therefore affirmed, with costs of both courts to defendant.

MOORE, C. J., and STEERE, STONE, and OSTRANDER, JJ., concurred.