FLICKEMA *v.* HENRY KRAKER CO.

1. Corporations—Liability of Stockholder.
   In action by employee on contract with corporation, individual stockholder, joined as defendant, is not liable.

2. Evidence—Documents.
   Although document is not admissible, in evidence if not authenticated, it may be proved by indirect or circumstantial evidence.

3. Same—Letters.
   In action by employee against hotel corporation for wrongful discharge, letter on letterhead of hotel, purporting to be signed by secretary notifying plaintiff of his discharge and

delivered to him by night clerk of hotel, was admissible in evidence, although secretary denied its execution, where documents in secretary's handwriting were produced for purpose of comparing signature.

4. MASTER AND SERVANT—WRONGFUL DISCHARGE—TRIAL—INSTRUCTION—REQUESTS TO CHARGE.

Where, in action by employee for wrongful discharge, there was testimony that, almost immediately thereafter, employer offered to take plaintiff back, failure of court to charge, as requested, that if defendant offered to take plaintiff back and he refused, he could not recover, was error.

5. SAME—MITIGATING DAMAGES.

It is duty of employee wrongfully discharged to seek other employment of like nature for purpose of mitigating damages.

6. SAME—BURDEN OF PROOF—OFFER TO REINSTATE.

Employer sued by employee for wrongful discharge has burden of showing that plaintiff could have obtained like employment with reasonable effort, and said burden is sustained by showing offer to reinstate plaintiff in former position at same salary.

7. SAME—MITIGATING DAMAGES.

Offer by employer sued by employee for wrongful discharge to reinstate employee was admissible in evidence in mitigation of damages.

Error to Ottawa; Miles (Fred T.), J. Submitted October 7, 1930. (Docket No. 18, Calendar No. 35,119.) Decided December 2, 1930.

Assumpsit by Peter Flickema against Henry Kraker Company and another on an employment contract. From judgment for plaintiff, defendants bring error. Reversed.

*Carl E. Hoffman,* for plaintiff.

*Jarrett N. Clark,* for defendants.

BUTZEL, J. Henry Kraker Company, defendant corporation, conducts a plumbing establishment on

the ground floor and a small hotel on the upper floors of a building at Holland, Michigan. Defendant Henry Kraker is president and general manager, and his daughter Alice is secretary and treasurer of the corporation. The latter opened the mail and answered it, took care of the books, paid the bills, and looked after the office work of the plumbing business. She also had general supervision of the hotel, paid its bills, and deposited the cash each day. Kraker devoted his time largely to the plumbing business. Plaintiff had experience in hotel work. He claims that he was hired by defendants at a salary of $175 a month to manage the hotel for a term of six months. In addition to his salary he was to have the free use of an apartment in the hotel. He was to act under the directions of Alice Kraker. Defendants claim the duration of the contract was only to be as long as the parties could get along.

Plaintiff claims that on September 5, 1928, there was delivered to him by the night clerk of the hotel a letter written on the letterhead of the Henry Kraker Company and signed "Hotel Kraker, the Henry Kraker Company, Per A. M. Kraker, Secretary." It summarily discharged plaintiff. Alice Kraker denies that she ever signed this letter. On the day the letter is dated, Henry Kraker was out of the city, but he returned a few days later. Upon receipt of the letter, plaintiff left the employ of the hotel. Almost immediately thereafter he wrote to the Henry Kraker Company stating that he was still ready and willing to perform his contract. Plaintiff was offered a check for the salary up to the time of his alleged dismissal, but there was written on its lower left-hand corner. the words: "Paid in full." He claims that he refused to accept this

check, and there is a dispute as to whether, as he claims, a check without the underwriting was given to him. Both the questions of whether the letter was signed by Alice Kraker or not, and whether the check when delivered to plaintiff contained the underwriting "Paid in full" or not are susceptible of further proof and investigation in the interest of justice. They are not merely testimony of one's recollections. Either Alice Kraker's signature is a forgery or it is genuine; either the check bore the underwriting at the time plaintiff received it or it did not.

Henry Kraker, upon his return, claimed that he and his daughter Alice, in an interview with plaintiff, asked him to come back, but that he refused. The jury brought in a verdict for plaintiff based on his illegal discharge in breach of a contract of employment for six months as claimed by him. Defendants appeal and allege numerous errors.

The testimony in the case shows that Henry Kraker Company had three stockholders, Kraker, his daughter, and his wife. While plaintiff claims it was a "one man" corporation, nevertheless it was a corporation and the sole person or entity with whom plaintiff did business. Both the declaration and also the judge in his charge stated that plaintiff's contract was with the corporation. Kraker personally was not liable and the verdict if justified should have been against the company alone.

It is further claimed that the letter discharging plaintiff should not have been admitted in evidence because its execution by Alice Kraker was denied. While a document may not be admissible if not authenticated, nevertheless it may be proven by indirect or circumstantial evidence. In the present instance, it was shown that the letter was written on a letterhead of defendant corporation and de-

livered to plaintiff by the night clerk of the hotel, an employee and agent of the corporation. Furthermore, documents were produced in the handwriting of Alice Kraker so as to afford an opportunity of comparing the signature on the letter with the signature on the documents. There was no error in introducing the letter. *Gibbs* v. *Linabury*, 22 Mich. 479 (7 Am. Rep. 675); *Ortmann* v. *Merchants' Bank*, 41 Mich. 482.

Defendants requested the court to charge that, if defendants offered to take plaintiff back into their employ and plaintiff refused, plaintiff could not recover. The court neglected or refused to charge as requested. While plaintiff denies that defendants offered to take him back, he recognized the rule of law asked for in the request to charge when he wrote a letter in which he offered to come back. There had been no serious differences between the parties. While the alleged offer to take plaintiff back would only go towards a mitigation of damages, nevertheless, it is claimed that it was made almost immediately after the time plaintiff claims to have received the letter discharging him. The request to charge should have been given substantially in the form requested. Without it the jury might erroneously believe, as counsel for plaintiff contends, that it made no difference whether plaintiff was invited to return to his position or not. If an employee is illegally discharged, it becomes his duty to seek other employment of like nature, and the burden is upon the defendant to show that the employee could have obtained like employment with a reasonable effort. *Farrell* v. *School District*, 98 Mich. 43. This burden is sustained by the defendant, if he shows that he offered to reinstate the plaintiff in his former position at the same salary.

"It was the right, therefore, of defendant to call upon him to serve it in the same line of business as

the original employment, or to provide employment for him, and his refusal to take such service without any good reason should operate to diminish his damages." *Bigelow* v. *American Forcite Powder Manfg. Co.* (1886), 39 Hun (N. Y.), 599.

If it is a fact that plaintiff was asked to come back to his work, it should be considered by the jury in determining the amount of damages. *Rottlesberger* v. *Hanley,* 155 Iowa, 638. Such an offer as defendants claim they made was clearly admissible in mitigation of damages, which in the present case would have been almost the entire claim of plaintiff. The failure to give this request to charge was error. As was said in the case of *Squire* v. *Wright,* 1 Mo. App. 172:

"If the offer had come from a stranger, we cannot see how the plaintiff could have justified such a refusal, and we perceive no reason why he was at liberty to do so when the offer came from the defendants."

We must consider this request in connection with the further request to charge the jury that it was plaintiff's duty to seek employment for the remainder of the alleged term in order to mitigate the damages. Under the circumstances, the court's refusal to give the substance of the charge as requested, and the further fact that the alleged offer to restore plaintiff to his former position came almost directly after his discharge so that the damages would have been very small indeed, the case must be sent back for a new trial.

The judgment is reversed. The case is dismissed against Henry Kraker, and is sent back for a new trial as to Henry Kraker Company. Defendants will recover costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.