## LEIB *v.* BOSTWICK.

1. ATTACHMENT—APPEARANCE—ESTOPPEL.
   Entering general appearance and filing answer to declaration in attachment suit did not estop defendant from applying for dissolution of attachment.

2. JUDGMENT—RES JUDICATA.
   Doctrine of *res judicata* does not apply to decision which was not rendered on merits of questions involved.

3. ATTACHMENT—JUDGMENT—RES JUDICATA.
   Denial of motion to dissolve attachment was not *res judicata*, where question of fraud, which was issue involved, was not decided.

4. FRAUD—NONPERFORMANCE OF PROMISE.
   Nonperformance of promise is neither fraud nor evidence of fraud.

5. ATTACHMENT—FRAUD.
   Attachment was properly dissolved where there was no evidence of fraud, which was basis of attachment.

Appeal from Wayne; Chenot (James E.), J. Submitted October 7, 1931. (Docket No. 43, Calendar No. 35,718.) Decided December 8, 1931.

Attachment proceedings by Samuel W. Leib, as assignee, against Read Bostwick. From order dissolving attachment, plaintiff appeals. Affirmed.

*S. Brooks Barron* and *Samuel W. Leib* (*Samuel H. Himelstein,* of counsel), for plaintiff.

*Duane H. Mosier* (*Fred Dye,* of counsel), for defendant.

McDONALD, J. This is an appeal from an order dissolving a writ of attachment by virtue of which the plaintiff seized a quantity of muskrat hides belonging to the defendant. After the denial of a petition to dissolve the attachment, the defendant entered a general appearance and filed his answer to the declaration. A few days later he made a second application to dissolve the attachment and to vacate the former order of denial. This motion was granted. The attachment was dissolved and an appeal taken by the plaintiff to this court.

The debt, in respect to which the attachment suit was brought, was incurred, as the plaintiff claims, in the purchase by the defendant of a quantity of skunk pelts from plaintiff's assignor, the Wolverine Hide Company of Grand Rapids. It is the plaintiff's claim that the debt, amounting to $1,500, was fraudulently contracted by the defendant, and on that ground there was legal cause for the attachment.

Testimony was taken on the hearing to dissolve the attachment. The only question to be determined was whether defendant fraudulently contracted the debt. That question was not decided on the hearing of the first motion. On the hearing of the second motion, the court held that fraud had not been shown, and that if it had an action for fraud could not be assigned, as was done in this case.

1. It is first contended by the plaintiff that the defendant was estopped from applying for a dissolution of the attachment after entering his general appearance and filing an answer to the declaration. This contention is without merit. *Hyde* v. *Nelson,* 11 Mich. 353; *John D. Gruber Co.* v. *Montcalm Circuit Judge,* 183 Mich. 477, 479.

2. It is also contended that the first order which denied dissolution of the attachment rendered that question *res judicata* and that therefore it was error for the court to reconsider it on a subsequent application.

All proceedings relative to the dissolution were heard and disposed of before the main case. On both hearings the question in issue was the same, *viz.*, whether the debt was fraudulently contracted. There was no other ground claimed for upholding the attachment. The question was not decided on the hearing of the first motion. We quote from the court's decision as follows:

"Inasmuch as there is a *prima facie* showing under oath alleging fraud, although it is true that on the oral testimony offered here there is a dispute about it, I don't think that I have any right to dissolve the attachment."

The doctrine of *res judicata* does not apply to a decision which was not rendered on the merits of the questions involved. There was no decision on the merits in disposing of the first motion. The defendant was entitled to have the issue decided. As he did not get it on his first motion he was not precluded from trying again.

3. The only remaining question to be considered is whether the trial court was right in finding that the debt was not fraudulently contracted.

It seems to be undisputed that the defendant purchased the hides as agent of Mr. Woodhouse of Newberry, Indiana. Whether he disclosed his agency to the Wolverine Hide Company, from whom he made the purchase, is disputed. But it is not disputed that he ordered the hides shipped to Woodhouse and presented in payment for them a draft of Mr. Wood-

house signed by himself as agent. Mr. Wolf, a member of the Wolverine Hide Company, testified that he accepted the draft only because Mr. Bostwick assured him that,

"If this draft is not taken care of I am responsible for it. * * * If these skunks are not paid for I will take care of it. * * * You don't have to be afraid of your money, I am responsible for it."

The fraud claimed by the plaintiff is, that when the defendant made these promises to pay, he did not intend to keep them and concealed his intention from the vendors. The defendant denies that he made any such promises, but, assuming that he did, there is no evidence they were accompanied by a fraudulent intent. The nonperformance of a promise is not fraud nor is it any evidence of fraud. According to the testimony of Mr. Wolf, the defendant told him Woodhouse would pay and that he would pay if Woodhouse did not. It is quite certain that when he bought the hides he did not intend to pay for them. He expected Woodhouse would do that. And he had good reason for believing he would do so. Woodhouse was an extensive buyer of furs. He had been in business for 18 years and had a reputation for paying his debts. The defendant had bought for him for five years, and his confidence in his solvency at the time he purchased the hides is seen in the fact that, when Woodhouse went into bankruptcy a few weeks later, defendant was his creditor for $1,500. We can discover no evidence of fraud. As there was no other cause for the attachment, it was rightly dissolved.

The judgment is affirmed, with costs to the defendant.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.