## WALDBAUER v. HOOSIER CASUALTY CO.

1. Fraud—Presumptions—Preponderance of Evidence—Burden of Proof.

   Fraud cannot be presumed but must be established by a preponderance of the evidence and the burden of proving it is upon the party who complains of it.

2. Same—Elements.

   To constitute actionable fraud, it must appear that defendant made a material representation which was false, knowingly or recklessly, without any knowledge of its truth and as a positive assertion, with intent that it should be acted upon by plaintiff, that latter relied upon it to his injury, and each fact must be proved with a reasonable degree of certainty.

3. Same—Compromise and Settlement—Evidence—Insurance Adjuster.

   Insurance adjuster's representation that he had five affidavits to prove there was beer in car in which deceased insured was riding, a fact that would relieve insurer from liability under one of two policies involved, whereas adjuster had but two affidavits, one of which was based on hearsay and the other that there was an odor of home brew present in car and about six bottles in a small suitcase, some broken and some with caps on, which representations were made to be acted upon by beneficiary under policies as to which a compromise settlement was sought to be effected, *held*, insufficient to establish actionable fraud in absence of any proof that decedent was not transporting liquor in his car at time of fatal accident and two disinterested witnesses testified they found a suitcase full of bottles in car immediately after accident and there was a very strong smell of home brew beer in the car.

Appeal from Bay; McCormick (James L.), J. Submitted April 5, 1938. (Docket No. 7, Calendar No. 39,666.) Decided June 30, 1938. Rehearing denied October 3, 1938.

Case by Blanche P. Waldbauer against Hoosier Casualty Company to recover damages for alleged fraudulent conduct in obtaining settlements on two insurance policies. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Otto J. Manary,* for plaintiff.

*Clark & Henry,* for defendant.

CHANDLER, J. William Waldbauer was killed in an automobile accident on M–15 near Clarkston, Michigan on July 27, 1931. His widow, plaintiff herein, was named as beneficiary in two accident insurance policies which deceased carried with the defendant company known as policies No. C–9113–B and No. A–5331 in the sums of $1,000 and $1,500 respectively. Plaintiff contends that Mr. Ray, an adjuster for the defendant perpetrated a fraud upon her whereby she was induced to accept $1,000 as full and complete satisfaction of all claims against the company and released the company from any further liability.

Policy No. C–9113–B did not cover indemnity for injuries or death of the insured "while under the influence of any intoxicant or narcotic." It was conceded in the lower court that deceased had carried a similar policy with the United Insurance Company in the amount of $500 and under the terms of defendant's contract, defendant was liable only for such portion of the indemnity promised as the said indemnity bore to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the *pro rata* for the indemnity thus determined. Accordingly, in no event could plaintiff have obtained more

than $666.66 plus a premium rebate of $10.30 on this policy.

Policy No. A–5331, among other exceptions, provided that it did not cover any loss "while said automobile is being operated or manipulated by a person under the influence of intoxicating liquor, or for the transportation of intoxicating liquor for any purpose, or in any amount, or otherwise in a reckless manner."

On August 1, 1931, plaintiff gave the above mentioned Hoosier policies and two others to a Mr. Brauer, an agent of the defendant company, whom she considered a close friend of her deceased husband, for the purpose of collection. Thereafter, on September 21, 1931, a Mr. Ray came to the home of plaintiff and told her that the policies with the defendant were void because two bottles of beer were found in the car in which plaintiff's husband was riding at the time of his death; that he had five affidavits, which, however, he refused to show to the plaintiff, and finally said, "Take a thousand dollars or nothing, and if you take it to court you get beat." Plaintiff testified that she then called Mr. Fred Waldbauer who was the administrator of her husband's estate. Mr. Ray repeated the foregoing statements to him, and thereupon, believing the assertions of the adjuster to be true, plaintiff accepted the $1,000 and signed a release.

Mr. Ray testified that he told plaintiff the $1,500 policy was void because of the presence of beer in the car, and he further testified that he believed deceased was under the influence of intoxicants at the time of the accident but he could not prove it, and therefore made an offer to settle both claims at the same time.

The case was submitted to the jury who found for plaintiff, returning a verdict in her favor of $1,176.96

plus interest from November 1, 1931. The lower court denied defendant's motion for a directed verdict, for a judgment *non obstante veredicto,* and for a new trial. The present appeal followed.

It should be noted that this action is based upon the alleged fraud of defendant's agent in securing a settlement and release, and not upon the policies which by their own terms barred suit thereon if not brought within two years from the time within which proof of loss was required.

It thus appears that plaintiff's counsel lost sight of the theory of the case when in his brief he says, "This case was tried on no different theory than any other insurance policy case would be tried, and it was not up to the plaintiff in making her case to negative the fact of beer being in the car, but it was a matter that defendant would have to show if it relied on that to defeat plaintiff's action."

The doctrine is well established that fraud will not be presumed but must be proved. *Robert* v. *Morrin's Estate,* 27 Mich. 306.

"The burden of proof was upon complainant to establish the misrepresentations and fraud charged against defendant by evidence sufficient to satisfy the court of its truth. This court has held repeatedly that fraud cannot be presumed, but must be established by a preponderance of the evidence; and the burden of proving it is upon the party who complains of it." *Dorrington* v. *Carpenter,* 171 Mich. 652. See, also, *Achenbach* v. *Mears,* 272 Mich. 74.

The burden of proof, therefore, rested upon plaintiff to show actionable fraud, the elements of which have been stated in *Candler* v. *Heigho,* 208 Mich. 115:

"It is well stated in 20 Cyc., at page 13:

" ' 'The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2)

that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.' ''

At the trial, it was shown that instead of five affidavits that deceased was transporting beer in the automobile in which he met his death, the defendant had but two affidavits, one of which was based upon hearsay, and the other stating that at the time of the accident there was an odor of home brew present in the car and about six bottles in a small suitcase, some of which were broken and some with caps on. Appellant contends that the discrepancy between their adjuster's positive assertion of five affidavits to prove policy No. A–5331 void because insured was transporting intoxicating liquor and the facts was not material, and in any event plaintiff was not justified in relying upon Mr. Ray's representations, citing the case of *Mayhew* v. *Phoenix Ins. Co.*, 23 Mich. 105.

In the *Mayhew Case* an action was brought to obtain relief against a hasty compromise made on a loss under a fire policy. Plaintiff claimed to have been induced by fraudulent statements of defendant's agent in making positive assertions of law and fact which were erroneous. It was held that there could be no recovery since the parties were dealing at arms length and plaintiff had the means of ascertaining the facts and could easily have obtained proper advice.

The harshness of the rule thus laid down was greatly lessened by the case of *Tabor* v. *Michigan Mutual Life Ins. Co.*, 44 Mich. 324, where it was held that though a person is not justified in relying solely on the statement of his legal rights by an adverse

agent in insurance controversies, they may be so mixed with unconscionable conduct as to require relief.

Appellant's adjuster knew that he was misrepresenting the facts when he asserted that he had five affidavits to prove there was beer in deceased's car. It cannot be doubted that he sought to impress plaintiff with the futility of attempting to sue upon the policies, and having thus weakened any desire to seek legal redress it was comparatively easy to effect what appeared to be a favorable settlement. The misrepresentations were made to be acted upon, and it seems that appellant takes an inconsistent position in arguing now that plaintiff had no right to rely upon those very same statements. However, this alone is insufficient to support an allegation of fraud in the instant case, for it is no indication that deceased was not transporting liquor at the time of the fatal accident.

The failure of plaintiff to supply this essential element of her case necessary for maintenance of an action of fraud, *viz.:* that decedent was not transporting liquor in his car at the time of the accident, precludes plaintiff from recovery in this action which is based solely on fraud and not on the policy.

There was no testimony that decedent was not transporting liquor in his car at the time of the accident. On the contrary, the uncontroverted evidence in the case by two disinterested witnesses was that immediately after the accident they found a suitcase full of bottles, some of which were broken, some intact with caps on, and that there was a very strong smell of home brew beer in the car. There was no other testimony or no circumstance in the case from which any reasonable inference could be drawn that the facts were otherwise than as stated by these wit-

nesses.  We do not find this testimony to have been prompted by any self interest and it being in no way contradicted, it was error on the part of the trial court to permit the jury to conjecture that there was no intoxicating liquor in the car at the time of the accident.  Defendant's motion for a directed verdict of no cause of action should have been granted.

The judgment is reversed without a new trial, with costs to appellant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.