FOTHERGILL *v.* McKAY PRESS.

1. DAMAGES — MITIGATION — AFFIRMATIVE DEFENSE — BURDEN OF PROOF.

The failure to mitigate damages is an affirmative defense and the burden of proof is upon defendant.

2. SAME—MITIGATION—BURDEN OF PROOF—EVIDENCE.

Evidence presented by defendant in action by lithographer for breach of employment contract *held*, insufficient to sustain its defense that plaintiff had failed to mitigate his damages, hence, on remand judgment is ordered entered for the total amount of his damages with interest thereon and costs.

Appeal from Midland; Holbrook (Donald E.), J. Submitted November 3, 1964. (Calendar No. 38, Docket No. 50,307.) Decided January 4, 1965.

Declaration by Alfred A. Fothergill against McKay Press for breach of an employment contract. Findings and judgment for defendant. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Damages §§ 329, 331.
[2] 15 Am Jur, Damages §§ 192, 354, 356.

*Francis, Wetmore, & Riecker (James W. Baker, John E. Riecker, and Floyd E. Wetmore, of counsel), for plaintiff.*

*Currie & Currie (Gilbert A. Currie, of counsel), for defendant.*

KELLY, J. Plaintiff, an experienced lithographer who was employed in Canada, moved his family from Canada to Midland, Michigan, at the request of defendant, commenced working for defendant in October, 1953, and continued in defendant's employment until defendant discharged him November 1, 1957. Plaintiff was unemployed for the three-month period between his discharge and his re-employment on February 4, 1958, by a Phoenix, Arizona, printing firm.

Plaintiff filed his declaration on January 9, 1958, about two months after his discharge, alleging defendant had breached a five-year employment contract which contained a provision that the agreement could only be terminated upon six months' written notice by either party and, because of said breach, asked for judgment in damages.

Defendant's answer denied the existence of such a contract and further alleged that defendant was justified in dismissing plaintiff because of his neglect of duty.

The trial court's order of January 9, 1959, dismissing plaintiff's action was followed by this Court's December 1, 1960, decision granting new trial.[1]

On retrial the circuit court for the county of Midland found that the parties did enter into a five-year employment contract with a six-month termination provision and that this contract had been breached

---

[1] *Fothergill v. McKay Press*, 361 Mich 666.

by defendant, but, because plaintiff had failed to make a reasonable effort to mitigate his damages following breach of this employment contract, found:

"The court is willing to give him [plaintiff] the benefit of the doubt that he may have had to take $8,000, rather than $8,500 per year at a new job in the area, however if he had done so he would have been working for the six-month period, minimized his damages, as he should have done, and therefore the court is going to find that he is entitled to a judgment against the defendant for one-half month, at the rate of $8,500 per year, or $354.17, plus $250 reduced earnings that the court would grant him had he taken a job that was available to him, making a total of $604.17, together with costs."

Appellant and appellee agree that the only question involved in this appeal is: "Did the plaintiff fail to make a reasonable effort to mitigate his damages following breach of an employment contract?"

The question of mitigation of damages was not raised by defendant in its answer but was announced as a defense at pretrial conference. The failure to mitigate damages is an affirmative defense and the burden of proof is upon defendant.[2]

To meet this burden of proof, defendant and appellee did not cross-examine plaintiff when he testified on direct examination that after his discharge he made a diligent effort to find another job but was not successful until February 4, 1958, when he was employed by the Phoenix, Arizona, printing firm, and confined its proofs to the testimony of defendant's manager that there was a shortage of lithographers at the time of plaintiff's discharge and the testimony of defendant's assistant manager that:

---

[2] *Edgecomb* v. *Traverse City School District*, 341 Mich 106; *Ogden* v. *George F. Alger Co.*, 353 Mich 402; *Reinardy* v. *Bruzzese*, 368 Mich 688.

"I would say that, while we haven't been in lithography too many years, I would say ever since I have been interested in lithography, a good lithographer is always in demand."

The only other testimony in the record submitted to this Court *in re* the question presented, namely, mitigation of damages, occurred when plaintiff concluded testimony on rebuttal (not referring to mitigation of damages) and the court interrogated plaintiff as follows:

"*The Court:* Do they have a lithographers magazine of any kind?

"*A.* Yes; yes, sir, many of them.

"*The Court:* Do they have a column in there 'help wanted?'

"*A.* That is right.

"*The Court:* Do they have that?

"*A.* Yes, sir.

"*The Court:* Now, did you look in that lithographers—

"*A.* Yes, sir.

"*The Court:* —magazine at that time?

"*A.* In fact, I wrote away for more than a half dozen.

"*The Court:* Well, then was there jobs available at that time?

"*A.* If there were I never had an opportunity to get one.

"*The Court:* You say you sent for information?

"*A.* I answered ads.

"*The Court:* Didn't they want you, or what was it?

"*A.* No, the places they were already taken."

Defendant failed to meet the burden of proof that the law places upon defendant and, therefore, this Court is granting plaintiff's prayer of relief, namely:

"The plaintiff and appellant, Alfred A. Fothergill, respectfully requests that this Court reverse the trial court's determination that said plaintiff failed to mitigate his damages and that this case be remanded with instructions to enter judgment in the total amount of plaintiff's damages with interest thereon and costs to be taxed."

Reversed and remanded. Costs to appellant.

KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.