MICHIGAN EMPLOYMENT RELATIONS COMMISSION v KLEEN-
O-RAMA

1. REVIEW—ADMINISTRATIVE LAW—SCOPE OF REVIEW.

Review of an administrative agency's findings by the Court of
Appeals is limited and may not invade the province of exclu-
sive administrative fact-finding by displacing the agency's
choice between two reasonably differing views.

2. REVIEW—LABOR MEDIATION BOARD—PRESERVING QUESTION—STAT-
UTES.

No objection that has not been urged before the Labor Mediation
Board shall be considered by the court upon review of a
decision of the board, unless the failure or neglect to urge the
objection is excused because of extraordinary circumstances
(MCLA 423.23[e]).

3. LABOR RELATIONS—WRONGFUL DISCHARGE—DAMAGES—MITIGATING
DAMAGES.

A wrongfully discharged employee is obligated to mitigate dam-
ages by accepting employment of a like nature; the criteria for
determining "like nature" includes the type of work, the hours
of labor, the wages, tenure, working conditions, etc., and an
employee need not accept alternate employment in order to
mitigate damages which involves part-time work, lower wages,
undetermined tenure, and fewer supervisory duties even
though both jobs' duties involved the same type of work.

Original action in the Court of Appeals. Submit-
ted Division 3 January 7, 1975, at Grand Rapids.
(Docket No. 20149.) Decided March 25, 1975.

Petition in the Court of Appeals by Michigan

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 546.
[2] 48 Am Jur 2d, Labor and Labor Relations §§ 1398–1400.
[3] 48 Am Jur 2d, Labor and Labor Relations §§ 347, 364, 367.
Liability of labor union or its officers or members for wrongful
suspension or expulsion of member. 74 ALR2d 783.

Employment Relations Commission against Kleen-O-Rama for enforcement of an order to pay back wages to an employee found to have been wrongfully discharged. Affirmed as modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for plaintiff.

*Early, Starbuck & Lennon* (by *David G. Crocker),* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

J. H. Gillis, J. Plaintiff, Michigan Employment Relations Commission (hereinafter referred to as MERC), has filed a petition for enforcement of its May 8, 1972 order against defendant, Kleen-O-Rama.[1]

On January 9, 1970, Joyce M. Lueer filed a complaint with the Michigan Labor Mediation Board alleging that she was dismissed from her job with defendant, a Kalamazoo cleaning establishment, because she participated in a union organization drive.[2] On February 3, 1970 a hearing was held before a MERC examiner, who found Mrs. Lueer's allegations to be true. Exceptions were filed by defendant. On January 15, 1971, MERC issued its decision and order in favor of Mrs. Lueer. Since defendant never complied with the January 15, 1971 order, a further hearing on defendant's noncompliance was held before a MERC examiner on October 1, 1971. MERC's final

---

[1] "The board may petition the court of appeals for the enforcement of the order * * * ". MCLA 423.23(e); MSA 17.454(25)(e).

[2] By statute, Michigan protects the right of employees to organize together to form or join a union. MCLA 423.8; MSA 17.454(8).

decision and order issued on May 8, 1972. The order commanded defendant to pay Mrs. Lueer back wages in the amount of $1,320 plus 6% interest per year from April 28, 1970, to continue until compliance with the order. Defendant's non-compliance with the May 8th order has prompted MERC's petition for enforcement here.

In dealing with the parties' allegations of error, we are mindful of the scope of review we are to employ. In *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974), the Michigan Supreme Court held that our review of an administrative agency's findings should be limited:

"Although such a review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and *not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views.* Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review." [3] (Emphasis supplied.)

Bearing this in mind, we turn to defendant's allegations of error. Kleen-O-Rama contends that there was insufficient evidence introduced to prove that any of its officers, agents or employees expressed any hostility towards union activity. They first argue that there was no showing that one Paul Lyke was an "officer, agent or employee" of Kleen-O-Rama. There was no "objection urged before the board, its member or agent" on this

---

[3] *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974).

matter; this Court is not obliged to review this finding.[4] Nevertheless, the record undisputedly reveals that Paul Lyke was a supervisor for defendant corporation, and probably a partial owner as well. He was considered by all to have the power to hire and fire. In fact, he was the person who actually fired Joyce Lueer. Defendant's first allegation of error is without merit.

Kleen-O-Rama further contends that even if Lyke was shown to be a corporate official, there was no showing that he harassed Mrs. Lueer, and that she was ultimately fired for her union activities. The record reveals substantial evidence refuting this contention. Based on this evidence, MERC adopted a "reasonable view" in holding Kleen-O-Rama liable, and it is not within our province to disturb this finding.[5]

Defendant next argues that even if Mrs. Lueer was wrongfully discharged, she was under a duty to mitigate damages by accepting a part-time job with another cleaning establishment at a substantially reduced pay rate. In Michigan, a wrongfully discharged employee is obligated to mitigate damages by accepting employment of a "like nature". *Flickema v Henry Kraker Co,* 252 Mich 406; 233 NW 362 (1930). The criteria for determining "like nature" includes the type of work, the hours of labor, the wages, tenure, working conditions, etc. *Mooresville Cotton Mills v National Labor Relations Board,* 110 F2d 179 (CA 4, 1940). MERC held that the alternate employment offered Mrs. Lueer

---

[4] MCLA 423.23(e); MSA 17.454(25)(e), reads in pertinent part: "No objection that has not been urged before the board, its member or agent, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances."

[5] *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc, supra.*

was not of a "like nature", even though she would have been doing much of the same type work she did for Kleen-O-Rama—pressing clothes. MERC's decision was based on the fact that this alternate employment was only part-time, at a lower wage, for an undetermined length of time, without the quasi-supervisory powers afforded Mrs. Lueer by Kleen-O-Rama. We find this holding "reasonable". *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc, supra; Flickema v Henry Kraker Co, supra.*

MERC awarded Mrs. Lueer $1,320 at a 6% yearly interest rate. Kleen-O-Rama does not contest MERC's power to award interest, but contends that 5% was the maximum rate allowable. We agree. We need not decide whether MCLA 600.6013; MSA 27A.-6013, or MCLA 438.31; MSA 19.15(1), is applicable, since both statutes called for a 5% interest rate at the time this award was made.

Affirmed as modified. No costs.