## HIGGINS v KENNETH R LAWRENCE, DPM, PC

Docket No. 47171. Submitted February 9, 1981, at Detroit.—Decided June 16, 1981.

Plaintiff, Ronald L. Higgins, a podiatrist, was employed by defendant, Kenneth R. Lawrence, D.P.M., P.C., under an employment contract the terms of which allowed termination by either party upon 60 days' notice. Defendant terminated plaintiff's employment without notice, and plaintiff brought an action in the Oakland Circuit Court. The court, Frederick C. Ziem, J., granted judgment for plaintiff. Defendant appeals and plaintiff cross appeals. *Held:*

1. The failure to mitigate damages is an affirmative defense, and the burden of proof is upon the defendant. The trial court did not clearly err in finding that defendant failed to meet its burden of proof.

2. Under the terms of the contract, defendant is not entitled to reimbursement of hospital assessments, associational dues or hospital dues paid on plaintiff's behalf.

3. The trial court properly denied plaintiff's claim based on fraudulent inducement by future promises. An action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact; future promises are contractual and ordinarily do not constitute fraud in the ab-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 22 Am Jur 2d, Damages §§ 200, 297.
[2] 22 Am Jur 2d, Damages §§ 70-73.
   53 Am Jur 2d, Master and Servant § 62.
   Duty to mitigate damages recoverable in action against labor union or its officers or members for wrongful suspension or expulsion of member. 74 ALR2d 783.
[3] 4 Am Jur 2d, Appeal and Error § 76.
   Application of "clearly erroneous" test by Rule 52 (a) of Federal Rules of Criminal Procedure to trial court's findings of fact based on documentary evidence. 11 ALR Fed 212.
[4] 17 Am Jur 2d, Contracts § 276.
[5] 37 Am Jur 2d, Fraud and Deceit § 12.
[6] 37 Am Jur 2d, Fraud and Deceit § 468.
[7] 37 Am Jur 2d, Fraud and Deceit § 60 *et seq.*

sence of evidence that they were made in bad faith without intention of performance.

Affirmed.

1. DAMAGES — MITIGATION OF DAMAGES — DEFENSES — AFFIRMATIVE DEFENSES.

The failure to mitigate damages is an affirmative defense, and the burden of proof is upon the defendant.

2. LABOR RELATIONS — WRONGFUL DISCHARGE — DAMAGES — MITIGATION OF DAMAGES.

A wrongfully discharged employee is obligated to mitigate damages by accepting employment of a like nature; the criteria for determining like nature include the type of work, the hours of labor, the wages, tenure, working conditions, etc., and the question of whether or not an employee was reasonable in not seeking or accepting particular employment is a question for the trier of fact.

3. APPEAL — FINDINGS OF FACT.

An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous; a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed, giving regard to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it.

4. CONTRACTS — JUDICIAL CONSTRUCTION.

Language in a contract will be construed against the party who drafted it.

5. FRAUD — ACTIONS.

To constitute actionable fraud it must appear that defendant made a material representation that was false, knowingly or recklessly without any knowledge of its truth and as a positive assertion, with the intention that it be acted upon by plaintiff, and that plaintiff did rely thereupon to his injury.

6. FRAUD — EVIDENCE.

Fraud must be proven by clear, satisfactory and convincing evidence.

7. FRAUD — CONTRACTS — FUTURE PROMISES.

An action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact; future

promises are contractual and ordinarily do not constitute fraud in the absence of evidence that they were made in bad faith without intention of performance.

*Larson & Harms, P.C. (by Timothy E. Baxter),* for plaintiff.

*Feiler & Glass, P.C.,* for defendant.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

V. J. BRENNAN, J. Defendant appeals as of right from a trial court judgment finding it liable for breach of an employment contract in the amount of $4,484.70. Plaintiff has filed a cross appeal.

Negotiations concerning the terms of the employment contract were commenced in December, 1976, while plaintiff was employed by Podiatry Services, Inc. Prior to that time, Dr. Kenneth R. Lawrence was president of Podiatry Services and had hired plaintiff after he successfully completed his preceptership training. In November, 1976, Dr. Lawrence left Podiatry Services and formed defendant corporation. Terms were agreed to and on January 29, 1977, the parties executed an 18-month employment contract. The terms recited that plaintiff was to receive a yearly salary of $25,012 "plus such bonuses as shall be approved by the Board of Directors from time to time provided that if any such bonuses are approved, EMPLOYEE'S bonus shall be equal to twenty-five percent (25%) of the total bonus so declared for all employees". Additionally, paragraph 2 of the contract provided that either party could terminate the contract at will upon 60 days' written notice.

The employment relationship broke down within a few months and on June 27, 1977, plaintiff was terminated, effective immediately. Plaintiff recov-

ered damages for 60 days' salary, automobile rental and health insurance for his wrongful discharge.

Defendant has raised two issues on appeal and plaintiff has raised another issue on cross appeal. Defendant first questions whether the trial court correctly found that defendant failed to carry its burden of proof regarding plaintiff's duty to mitigate damages.

It is well established that a plaintiff must make every reasonable effort to mitigate damages. *Edgecomb v Traverse City School Dist,* 341 Mich 106, 115; 67 NW2d 87 (1954), *Rich v Daily Creamery Co,* 296 Mich 270, 282; 296 NW 253 (1941). Such a defense, however, is an affirmative one, and proof of plaintiff's failure to mitigate rests upon the defendant. *Fothergill v McKay Press,* 374 Mich 138; 132 NW2d 144 (1965), *Froling v Bischoff,* 73 Mich App 496, 499; 252 NW2d 832 (1977). A wrongfully discharged employee is obligated to mitigate damages by accepting employment of a "like nature". *Flickema v Henry Kracker Co,* 252 Mich 406; 233 NW 362 (1930), *Michigan Employment Relations Comm v Kleen-O-Rama,* 60 Mich App 61; 230 NW2d 308 (1975). The criteria for determining "like nature" include the type of work, the hours of labor, the wages, tenure, working conditions, etc. Whether or not an employee is reasonable in not seeking or accepting particular employment is a question for the trier of fact. 2 Restatement Agency, 2d, § 455, comment d, p 373; Restatement Contracts, § 336, p 537; 11 Williston, Contracts (3d ed), § 1359, p 306.

In the instant case, the trial court made the following pertinent findings of fact: that the evidence gave no indication that if plaintiff sought employment he would have obtained it within the

60-day period; that the contract limited plaintiff to seeking employment in an area outside of a ten-mile radius; that podiatry is a profession rather than a job; and that plaintiff required at least 60 days to find proper employment. Hence, the trial court concluded that the burden of proof on mitigation of damages had not been met by defendant.

An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Smith v Michigan State Accident Fund,* 403 Mich 201; 267 NW2d 909 (1978). In making this determination, regard should be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear before it. *Ford v Howard,* 59 Mich App 548; 229 NW2d 841 (1975). *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), *Bergy Brothers, Inc v Zeeland Feeder Pig, Inc,* 96 Mich App 111, 114; 292 NW2d 493 (1980), GCR 1963, 517.1.

Our review of the record discloses that the trial court's findings are not "clearly erroneous". The reasonableness of plaintiff's decision as to whom and where he could best form a professional association was a determination to be made by the trier of fact. We are not left with a firm and definite conviction that he erred.

Defendant next questions whether the trial judge correctly found that plaintiff did not have to reimburse defendant for hospital assessments paid by defendant pursuant to the employment contract.

At issue is the following provision:

"Upon the occasion of the EMPLOYEE terminating his employment with the CORPORATION either voluntarily or involuntarily, said EMPLOYEE shall reimburse the CORPORATION for any hospital assessments that have been advanced on his behalf."

At trial, testimony was adduced which established that defendant had made monthly payments of $55 for hospital assessments beginning with plaintiff's commencement of employment in January and continuing through June for a total of $330. Defendant wanted complete reimbursement, claiming the above provision should be interpreted by "standards of the industry" rather than the plain language of "advanced" as being a future outlay. It is well settled in the law of contracts that language will be construed against the party drafting the instrument. *Bruno v Detroit Institute of Technology,* 51 Mich App 593; 215 NW2d 745 (1974), *Washtenaw Asphalt Co v Michigan,* 42 Mich App 132; 201 NW2d 277 (1972). Hence, we are in accord with the trial court's conclusion that since defendant drafted the contract, it must be construed against him.

Similarly, since the contract was silent as to reimbursement of paid associational and hospital dues, that claim is also without merit.

Finally, plaintiff questions whether the trial court properly denied plaintiff's claim that he was fraudulently induced to execute the employment contract because of certain representations made concerning the payment of bonuses. We think the trial court was correct.

The elements constituting actionable fraud or misrepresentation are well settled. In *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141 (1919), the Supreme Court set forth those elements:

"The general rule is that to constitute actionable

fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."

See also *A & A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634, 639; 110 NW2d 601 (1961), *Marshall v Ullmann,* 335 Mich 66, 73-74; 55 NW2d 731 (1952), *Waldbauer v Hoosier Casualty Co,* 285 Mich 405, 408-409; 280 NW 807 (1938). The burden of proof rests with plaintiff. Fraud will not be presumed but must be proven by clear, satisfactory and convincing evidence. *Youngs v Tuttle Hill Corp,* 373 Mich 145, 147; 128 NW2d 472 (1964).

The initial consideration, then, is whether defendant made a material representation to plaintiff. In *Boston Piano & Music Co v Pontiac Clothing Co,* 199 Mich 141; 165 NW 856 (1917), the Supreme Court affirmed the rule that an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud. See, for example, *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976).

A reading of the testimony most favorable to plaintiff suggests the conclusion that Dr. Lawrence gave the impression that plaintiff would receive a salary of $25,000 plus bonuses paid at least every six months, after the corporation's profits were reviewed every two or three months. However, under *Boston Piano, supra,* the fact that this apparent promise was broken did not constitute

fraud, nor was it evidence of fraud. The failure by defendant to make good its assurance that bonuses would be paid every six months was merely a breach of contract, which must be enforced by an action on the contract, if at all. *Boston Piano, supra,* 147.

Plaintiff further contends that even if the representations are found to be promises of future action, they nevertheless fall within the "bad faith" exception to the general rule that such promises are not actionable torts. Plaintiff's contention is based on *Crowley v Langdon,* 127 Mich 51, 58-59; 86 NW 391 (1901), where the Court held that a fraudulent misrepresentation may be based upon a promise made in bad faith without intention of performance. However, there was no evidence presented from which it could reasonably be inferred that such a promise was made without intention of performance and as a fraudulent misrepresentation. In *Leib v Bostwick,* 256 Mich 277, 280; 239 NW 405 (1931), the Supreme Court stated:

"The fraud claimed by the plaintiff is, that when the defendant made these promises to pay, he did not intend to keep them and concealed his intention from the vendors. The defendant denies that he made any such promises, but, assuming that he did, there is no evidence they were accompanied by a fraudulent intent. The nonperformance of a promise is not fraud nor is it any evidence of fraud."

The evidence in the case *sub judice* mandates a finding that the defendant did not act in bad faith. Accordingly, the trial court's finding that plaintiff did not satisfy his burden of proof by clear, satisfactory and convincing evidence was correct and sufficient to satisfy the requirement of GCR 1963, 517.1.

Affirmed.